# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **SHERRY D. TAYLOR**, | )<br>) |
| Plaintiff, | ) Case No. 2:04CV00045<br>) |
| v. | ) **OPINION**<br>) |
| **JO ANNE B. BARNHART,**<br>**COMMISSIONER OF**<br>**SOCIAL SECURITY** | ) By: James P. Jones<br>) Chief United States District Judge<br>)<br>) |
| Defendant. | ) |

In this social security case, I affirm the final decision of the Commissioner.

## I. Background.

Sherry D. Taylor filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for supplemental security income ("SSI") benefits under title XVI of the Social Security Act, 42 U.S.C.A. §§ 1381-1383c (West 2003 & Supp. 2005) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

My review is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision and whether the correct law was applied. *See* 42 U.S.C.A. § 405(g) (West 2003 & Supp. 2005); *Hays v. Sullivan*,

907 F.2d 1453, 1456 (4th Cir. 1990). If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.*

Taylor applied for benefits on April 5, 2002, alleging disability since April 20, 2001, and received a hearing before an administrative law judge ("ALJ") on April 24, 2003. By decision dated June 10, 2003, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is ripe for decision.

## II. Facts.

Taylor was twenty-eight years old at the time of her hearing. She has a high school education and has completed training as a certified nursing assistant and medical technician, with past relevant work as a certified nursing assistant. Taylor claims disability due to bronchitis, asthma, a knee injury, and a vision problem. She

-2-

has not engaged in substantial gainful activity since April 20, 2001, the alleged onset date of disability.

The record includes medical evidence from Rob D. Sawyer, O.D.; Stone Mountain Health Services; Lee Regional Medical Center; Nathan E. Doctry, M.D.; Rite-Aid; and Pennington Pharmacy.

Based upon the evidence, the ALJ determined that the plaintiff has severe impairments and is unable to return to her past relevant work, but has the residual functional capacity ("RFC") to perform sedentary work, as defined in the regulations, with restrictions. Based upon the testimony of a vocational expert ("VE"), the ALJ found that there existed a significant number of jobs in the national economy that the plaintiff could perform, including jobs as a cashier, an admission support person, a dispatcher, an interviewer, an information clerk, a telemarketer, and an assembler in electronics.

### III. Analysis.

Taylor argues that the decision of the ALJ was not based on substantial evidence. Specifically, she alleges that the ALJ (1) improperly evaluated her mental impairment; (2) erred in finding that her asthma and migraine headaches were not

severe; and (3) erred in finding that her subjective complaints of pain were not credible. For the following reasons, I disagree.

*A*

Taylor first asserts that the ALJ improperly evaluated her mental impairment.

In social security administrative proceedings, "it is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . ." *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (citations omitted). The applicable regulations provide, in pertinent part, that

> The medical evidence . . . must be complete and detailed enough to allow us to make a determination about whether you are disabled . . . . It must allow us to determine –
>
> (1) The nature and limiting effects of your impairment(s) for any period in question;
>
> (2) The probable duration of your impairment; and
>
> (3) Your residual functional capacity to do work-related physical and mental activities.

20 C.F.R. §§ 404.1513(d), 416.913(d) (2005). Moreover, "[i]n making a claim for Social Security disability benefits, a claimant bears the initial burden of establishing the existence of a disability." *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990); *see* 20 C.F.R. § 416.912(a) (2005). The claimant is not permitted to assert the existence of a severe impairment generally, thereby creating a presumption of disability, but

must demonstrate through credible medical evidence the persistence of a significant limitation on her ability to work.

In this case, the plaintiff argues that the ALJ failed to mention certain evidence relating to her mental impairment, and that "the record suggest[s] that [she] had stated on several occasions to her treating physician that she was depressed and was having problems with stress." (Pl's Br. at 5.) While this may be true, the ALJ does not have to discuss every piece of evidence submitted, *Miller v. Shalala*, 8 F.3d 611, 613 (8th Cir. 1993), and the failure to explicitly refer to particular evidence does not mean that the ALJ did not consider that evidence, *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998).

In any event, the ALJ properly developed the record, and there is substantial evidence to support his finding that the plaintiff does not have a severe mental impairment. As the ALJ noted, the record indicates that the plaintiff was treated in February 2003 for complaints of fatigue and stress that resulted from taking care of five children. (R. at 18-19.) She was diagnosed with anxiety and depression because of situational stress and prescribed Zoloft. (R. at 19.) However, one month later, the plaintiff reported that she stopped taking Zoloft and that her nerves were "'not too bad' and that she could deal with it." (*Id*.) Moreover, at her hearing on April 24, 2003, the plaintiff testified that she was not taking Zoloft, did not have any problems

with depression, and did not have any trouble being around people. (R. at 184.) While the plaintiff's burden of demonstrating a "severe" mental impairment is "de minimis," *see Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997), she has not met this burden, and there is substantial evidence to support the ALJ's finding.

*B*

Next, Taylor argues that the ALJ erred in finding that her asthma and migraine headaches were not severe.[1]

The Commissioner applies a five-step evaluation process in assessing an applicant's disability claim. The Commissioner considers, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. § 404.1520 (2005). If it is determined at any point in the five-step analysis that the claimant is not disabled, then the inquiry immediately ceases. *See id.* § 404.1520(a) (2005). Here, Taylor sought benefits for, among other impairments, asthma and migraine headaches. The ALJ determined that her headaches did not impose a significant

---

[1] Despite the plaintiff's contention, the ALJ did find that her respiratory impairments were severe within the meaning of the Regulations. (R. at 17.)

-6-

restriction upon her ability to hold gainful employment and were "not severe" within the meaning of the Act. The review of Taylor's entitlement to benefits for this impairment was therefore terminated at the second level of inquiry.

That decision is entitled to a great deal of deference and will be upset only if it is not supported by substantial evidence. *See Laws*, 368 F.2d at 642. It is the Commissioner's duty to receive evidence and establish the facts, not the court's. My role in these proceedings is simply to assess the reasonableness of the Commissioner's conclusions and determine whether they are supported by substantial evidence. Accordingly, I will not re-weigh contested evidence, make credibility determinations, or substitute my judgment for that of the Commissioner. *See Hays*, 907 F.2d at 1456. Should I find that the Commissioner's final judgment is supported by substantial evidence, I will affirm that decision, even if the record could support an equally reasonable, though alternate, conclusion.

The focus of this inquiry necessarily centers on whether substantial evidence has been presented to the ALJ such that he could reasonably have determined that the impairments in question were not severe. According to the regulations, an impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1521(a) (2005). The regulations define "basic work activities" as the abilities

Case 2:04-cv-00045-JPJ-PMS   Document 16   Filed 09/05/05   Page 7 of 12   Pageid#: 53

and aptitudes necessary to do most jobs including physical functions such as walking, standing, sitting, and lifting; and mental functions including understanding instructions, using judgment, responding appropriately to work situations, and dealing with changes in a work setting. *See* 20 C.F.R. § 404.1521(b) (2005).

Although it is a claimant's burden to provide evidence that she suffers from a severe impairment, *see Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); 20 C.F.R. §§ 404.1512, .1514, 416.912, .914 (2005), in order to satisfy that burden of proof at step two of the evaluation process the evidence need only be "de minimis." *See Hawkins,* 113 F.3d at 1169. Taylor has not met this burden. Although she has presented some evidence of impairments, the question on this benefits appeal is not whether such impairments exist, but whether the plaintiff's condition sufficiently restricts her ability to work. Because the regulations do not conclusively establish the point at which an individual's impairments become severe, such a factual determination is relegated to the Commissioner or her agents.

Here, although Taylor argues that the ALJ failed to give great weight to her breathing condition, the ALJ clearly stated that "[t]he medical evidence indicates that the claimant has respiratory . . . impairments that are severe within the meaning of the Regulations." (R. at 17.) The ALJ ultimately concluded, however, that the plaintiff's asthma and other respiratory impairments did not preclude her from all work. Indeed,

while the plaintiff was treated for asthma and allergies between May 2000 and October 2002, the ALJ noted that "[e]xaminations of the claimant's lungs and chest during this period were normal except for some bilateral wheezing noted on August 7, 2002 for which she was given breathing treatments and received good results." (R. at 18.) Moreover, one month later the plaintiff reported that her breathing had greatly improved with medications, and on October 18, 2002, she reported that she had not had any further exacerbations of her asthma. (*Id.* (citing Ex. 2F).) The plaintiff was re-evaluated for her asthma on February 5, 2003, with her chest examination revealing clear breathing sounds bilaterally in all fields. (*Id.*). The ALJ acknowledged that the plaintiff's asthma symptoms required treatment, but concluded that the record failed to document a respiratory impairment of such severity that it would preclude sedentary work in a clean environment. (R. at 20.) The ALJ appropriately considered the plaintiff's asthma and noted the necessity of a clean work environment, as indicated by the plaintiff's restricted RFC.

As for the plaintiff's migraine headaches, the ALJ agreed that the plaintiff had required occasional care for headaches that were described as "tension-related." (R. at 19.) However, he added that the plaintiff reported that Excedrin and prescription medication were helpful in controlling these headaches (R. at 140, 153), and thus the ALJ concluded that the record failed to document significant functional limitations

relating to headaches. (R. at 19.) Based on the record, it was reasonable for the ALJ to find that the plaintiff's headaches are not severe because they do not sufficiently restrict her ability to work. Therefore, I find that the Commissioner's decision is supported by substantial evidence and is framed in accordance with the law.

*C*

Finally, the plaintiff argues that the ALJ erred in finding that her subjective complaints of pain were not credible.

The determination of whether a claimant is disabled by pain or other subjective symptoms is a two-step process under the Act. *See Craig v. Chater*, 76 F.3d 585, 594-95 (4th Cir. 1996); 20 C.F.R. §§ 404.1529(b), (c), 416.929(b), (c)(2005). First, there must be objective medical evidence showing the existence of an impairment that could reasonably be expected to produce the actual pain, in the amount and degree alleged by the claimant. *See Craig*, 76 F.3d at 594-95. Only after the existence of such an impairment is established must the ALJ consider the intensity and persistence of the claimant's pain and the extent to which it affects her ability to work. *See Id.* Although a claimant's allegations about pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence. *See Id*. at 595.

-10-

In reviewing for substantial evidence, I do not re-weigh conflicting evidence, make credibility determinations, or substitute my judgment for that of the Commissioner. *See Hays*, 907 F.2d at 1456. In this case, the ALJ properly weighed the plaintiff's credibility, allegations of pain, and the extent to which these allegations were inconsistent with the available evidence. Although the plaintiff complained of severe left knee pain, the ALJ noted that X rays confirm only mild to moderate degenerative change. (R. at 20, 146-47.) Nevertheless, the ALJ factored this compliant into the plaintiff's RFC, finding that her left knee impairment would preclude prolonged standing or walking. (R. at 20.) As discussed, the ALJ also found that the record failed to document a respiratory impairment of such severity as would preclude sedentary work in a clean environment. Moreover, the ALJ pointed out that no physician who had treated the plaintiff indicated that she was totally disabled because of pain. (R. at 20.) In short, the ALJ properly considered the plaintiff's subjective complaints as they related to her RFC, and made appropriate credibility findings.

### *IV. Conclusion.*

For the foregoing reasons, the Commissioner's motion for summary judgment will be granted.

-11-

An appropriate final judgment will be entered.

> DATED: September 5, 2005
>
> /s/ JAMES P. JONES
> Chief United States District Judge